UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PEOPLE'S CAPITAL AND LEASING
CORPORATION,

        Plaintiff,

v.

POWER-TEC MANUFACTURING, L.L.C.,

        Defendant.
        _____/

Case No. 11-11811

Honorable John Corbett O'Meara

**ORDER DENYING PLAINTIFF'S MOTION FOR POWER-TEC AND REVSTONE TO SHOW CAUSE WHY THEY SHOULD NOT BE HELD IN CONTEMPT**

This matter came before the court on plaintiff People's Capital and Leasing Corporation's October 25, 2012 motion for defendant Power-Tec Manufacturing, L.L.C., and Revstone Industries, L.L.C., to show cause why they should not be held in contempt for failure to comply with the court's March 9, 2012 order. Non-party Revstone Industries filed a response November 7, 2012; and Plaintiff filed a reply to the response November 14, 2012. Defendant Power-Tec Manufacturing filed a response November 8, 2012; and Plaintiff filed a reply November 15, 2012. On December 4, 2012, Revstone Industries filed suggestion of bankruptcy. Oral argument on Plaintiff's motion was heard June 27, 2013.

**BACKGROUND FACTS**

In November 2009, defendant Power-Tec leased manufacturing equipment from Plaintiff. When Power-Tec failed to make payments as required by the lease agreement, Plaintiff filed this action April 26, 2011. Plaintiff also filed a motion for temporary restraining order and preliminary injunction and sought possession of the leased equipment. Shortly thereafter, the parties filed a

stipulated order, and the equipment was returned to Plaintiff. After selling the equipment, Plaintiff used the sale amount as a set-off of the remaining funds owed by Power-Tec. Although the parties' stipulated order required Power-Tec to make certain payments at certain times, Power-Tec failed to make those payments; and Plaintiff filed a motion for summary judgment to enforce the stipulated order. The court granted Plaintiff's motion and ordered Power-Tec to obtain a guaranty from its parent company Revstone to pay according to the agreement. Power-Tec failed to obtain the guaranty and has not paid the remaining amount owed. Plaintiff has now filed this motion for contempt.

First, the court notes that Revstone Industries is not a party to this action. A nonparty has to be served with process before a contempt citation can be issued. Holt-Orsted v. City of Dickson, 641 F.3d 230 (6th Cir. 2011). In addition, there is a question whether the court has personal jurisdiction over Revstone, a Delaware corporation with its principal place of business in Lexington, Kentucy. Moreover, Revstone was not a party to the underlying equipment lease agreement nor to Plaintiff and Power-Tec's stipulated order of payment. Also, Revstone Industries has filed for bankruptcy; therefore, any order of the court would likely be subject to the automatic stay. For all these reasons, the court will not grant Plaintiff's motion as to Revstone Industries.

Power-Tec Manufacturing is the only named defendant in this suit. To cover its loss to Plaintiff, it stipulated to obtain a guaranty from its principal Revstone Industries; however, it claims it was unable to do so despite its best efforts. Now that Revstone Industries is in bankruptcy, Power-Tec cannot secure the guaranty it promised Plaintiff. The court will not hold Power-Tec in contempt for act it can no longer perform. Furthermore, the United States Court of Appeals for the Sixth

Circuit once held that "payment of a debt cannot be coerced by contempt process." Carter v. Fleece, 288 F. !93 (6th Cir. 1923).  Therefore, the court will not grant Plaintiff's motion as to Power-Tec.

## ORDER

It is hereby **ORDERED** that plaintiff People's Capital and Leasing Corporation's October 25, 2012 motion is **DENIED.**

                                             s/John Corbett O'Meara
                                             United States District Judge

Date:  September 26, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, September 26, 2013, using the ECF system.

                                             s/William Barkholz
                                             Case Manager